IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS PROCOPIO<br>5100-409 S Convent Lane<br>Philadelphia, PA 19114<br><br>  Plaintiff,<br><br>  v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA/<br>COUNTY OF PHILADELPHIA<br>440 North Broad Street<br>Suite 313<br>Philadelphia, PA 19130<br><br>  Defendant. | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff Phyllis Procopio (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby avers as follows:

### I.  Introduction

1.  Plaintiff has initiated the instant action to redress violations of the Americans with Disabilities Act and other applicable law.

### II.  Parties

2.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3.  Plaintiff is an adult individual and citizen of the United States with an address as set forth above.

4.  Defendant School District of Philadelphia/County of Philadelphia (hereinafter collectively referred to as "Defendant") is a school district/city of the First Class with an address as captioned above.

5.     At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

6.     Defendant is an "employer" within the meaning of the Americans with Disabilities Act because it is engaged in an industry affecting commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

### III.     Jurisdiction and Venue

7.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.     The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9.     The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10.    The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

11.    Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this judicial district and

because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### IV.     Procedural and Administrative Requirements

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under the Americans with Disabilities Act and the Pennsylvania Human Relations Act as follows:

    a.     Plaintiff filed timely written charges of discrimination with the Equal Employment Opportunity Commission (Charge Nos. 530200800412, 530200800855, 530200801365, and 530200803418);

    b.     The United States Department of Justice Civil Rights Division issued Notices of Right to Sue to Plaintiff on each of the foregoing charges on or about November 25th, 2008;

    c.     The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notices;

    d.     The aforesaid charges were cross-filed with the Pennsylvania Human Relations Commission;

    e.     Plaintiff has exhausted the required federal and state administrative remedies as to the allegations of this Complaint.

### V.     Factual Background

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     Plaintiff has served as a teacher in the employ of Defendant for a period of nearly 40 years.

16. Plaintiff suffers from End Stage Renal Kidney Disease (a severe kidney disorder).

17. Plaintiff's disability affects significant life activities, causing edema (which causes her trouble walking up stairs), vertigo (which causes her to lose her balance), and excessive tiredness.

18. As a result of her condition, Plaintiff requires dialysis and cannot teach more than two (2) periods in a row.

19. On or about May 15, 2007 and again on September 21, 2007, Plaintiff and her physicians requested that her work schedule be adjusted to accommodate her dialysis, so that she would be able to properly function with her disability, and to avoid aggravating same and subjecting her to undue stress.

20. Defendant refused Plaintiff's request for a reasonable accommodation and continues to do so.

21. Defendant also retaliated against Plaintiff for her request for a reasonable accommodation.

22. The aforesaid retaliation included but was not limited to an unsatisfactory evaluation (the first in Plaintiff's distinguished career).

23. In or about April of 2007, Defendant (by and through its agent, principal Kathy Murphy) called Plaintiff and asked her if she was going to receive a kidney transplant.

24. The nature of Plaintiff's condition means a transplant may take an extended period of time to obtain. When Plaintiff advised Murphy that if a kidney became available she would take it, Murphy retaliated by advising Plaintiff that she was being taken off the schedule for teaching Cinema and American Literature to 11th graders.

25. The foregoing two courses are courses that Plaintiff loves, has taught for an extended prior of time, and is most proficient at teaching.

26. Instead of permitting Plaintiff to teach the two courses that she loved and was most proficient in, Defendant (through Murphy) deliberately assigned Plaintiff the 9th grade and 10th grades, telling her that they were "the worst to teach."

27. The students to which Plaintiff was deliberately assigned by Defendant were severe discipline problems. Murphy knew this and assigned Plaintiff to work with them as a result of her disability and her request for a reasonable accommodation.

28. There are less stressful rosters available with less preparation needed (including the roster Plaintiff has always had), but Defendant, through Murphy, continues to use Plaintiff's disability as a reason to deny her seniority rights (she is the most senior in her department) and to refuse to assign her the roster she always had before she became disabled.

29. Murphy has deliberately given Plaintiff a difficult roster in order to create a perception that Plaintiff has performance issues.

30. Plaintiff was also required to spend three days at an in-service in order to learn the manner in which to exercise her dialysis function. She was denied the time off required for this in-service.

31. Plaintiff also underwent emergency surgery on September 4, 2007 and was deliberately docked three days as a result.

32. Plaintiff also required preadmission testing and was docked a half day as a result.

33. Defendant continues to deny Plaintiff's requested accommodations and to retaliate against her for making same.

## COUNT ONE
## AMERICANS WITH DISABILITIES ACT
## (DENIAL OF REASONABLE ACCOMODATION, DISPARATE TREATMENT, AND RETALIATION)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff is "disabled" as that term is defined in the ADA because Plaintiff has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities as aforesaid, or because Plaintiff had a record of such impairment.

36. Plaintiff is also "disabled" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived as having a physical impairment that substantially limited/limits one or more major life activities as aforesaid.

37. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was able to perform all of her essential job functions with a reasonable accommodation.

38. In failing to accommodate Plaintiff's disability, Defendant violated the Americans with Disabilities Act of 1990.

39. In engaging in retaliation against Plaintiff as a result of her disability or her request for a reasonable accommodation, Defendant violated the Americans with Disabilities Act of 1990.

40. In subjecting Plaintiff to treatment that differed from the treatment to which employees who did not suffer from her disability were subjected, Defendant violated the Americans with Disabilities Act of 1990.

41. As a result of the foregoing unlawful conduct, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the attached *ad damnum* clause.

## COUNT TWO
## PENNSYLVANIA HUMAN RELATIONS ACT
## (DENIAL OF REASONABLE ACCOMODATION AND RETALIATION)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. In engaging in the conduct set forth *supra,* Defendant also violated the Pennsylvania Human Relations Act.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against or retaliating against Plaintiff on any basis forbidden by the Americans with Disabilities Act and other applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on disability or other protected class, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories,* 311 F.3d 565, 570-71 (3d Cir. 2002);

i. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in prohibited retaliation against Plaintiff or other witnesses to this action;

j. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

                      Respectfully submitted,

                      TIMOTHY M. KOLMAN AND ASSOCIATES

By:    /s/ Timothy M. Kolman
         Timothy M. Kolman, Esquire
         Wayne A. Ely, Esquire
         Rufus A. Jennings, Esquire
         Attorneys for Plaintiff
         225 N. Flowers Mill Road
         Langhorne, PA 19047
         (215) 750-3134

February 22, 2009